IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

EUGENIO PÉREZ PÉREZ,

Petitioner

v.

UNITED STATES OF AMERICA,

Respondent

CIVIL 05-2233 (PG)
(CRIMINAL 01-0614 (PG))

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

I. INTRODUCTION

This matter is before the court on motion filed by the petitioner, Eugenio Pérez-Pérez ("hereinafter petitioner"), pro se, to vacate, set aside or correct sentence under 28 U.S.C. § 2255, filed on November 28, 2005. (Docket No. 1.) On January 23, 2006, a motion for summary judgement was filed by petitioner (Docket No. 6) and denied on January 25, 2006. (Docket No. 7.) The court then granted the United States twenty days to answer the motion to vacate. (Id.) The United States responded to the petition on February 16, 2006. (Docket No. 8.) Petitioner replied to the response on March 23, 2006. (Docket No. 13.) Also on March 23, 2006 petitioner requested an evidentiary hearing on the motion to vacate. (Docket No. 14.) The petitioner challenges his sentence on six grounds: the first is that the petitioner's defense counsel gave ineffective assistance during the pre-trial stage, trial stage, and post-trial stage of the proceedings, all of which fell below the minimum standards of Strickland v. Washington, 466 U.S. 668 (1984). The second

CIVIL 05-2233 (PG)                                              2
(CRIMINAL 01-0614 (PG))

is that the petitioner's section 924(c) sentence must be vacated based upon the decision of United States v. Booker, 543 U.S. 220 (2005), extending the doctrine to judicial fact-determination under 18 U.S.C. § 924(c) (firearm provisions) and its accompanying United States sentencing guideline provision. The third is that the section 924(c) sentence must be vacated since the government did not specify what type of firearm petitioner was claimed to have used or carried during and in relation to the drug conspiracy offense. The fourth is that petitioner's section 924(c)(1)(A)(i) sentence must be vacated since the government did not provide a factual foundation for a guilty plea where the petitioner pleaded guilty to providing "armed escort" to drug conspirators under count five of the indictment, thus failing to comply with Rule 11(c)(1) constitutional requirements. The fifth is that the petitioner's fifth and sixth amendments rights were violated since petitioner's sentence was enhanced based on facts that were not charged in the indictment, thus warranting a vacatur or sentence reduction in light of Booker. The sixth is that the government's use of unavailable cooperating witnesses and of co-conspirators' testimony at the sentencing phase requires that the sentence be vacated in light of Crawford v. Washington, 541 U.S. 36 (2004).

Respondent United States of America opposes the motion to vacate on the grounds that petitioner's claims are devoid of merit, that he seeks retroactive application of the holding in Booker, and that at the time of sentencing and on

CIVIL 05-2233 (PG)                             3
(CRIMINAL 01-0614 (PG))

appeal, petitioner acknowledges possessing and carrying of a firearm. Consequently his present claims lack merit.

## II.  BACKGROUND

On November 21, 2001, a Grand Jury returned a sealed six-count superceding indictment charging Eugenio Pérez-Pérez along with seven other co-defendants, in Criminal 01-0614 (PG).  Count one charged that from on or about January 29, 2001, through on or about April 21, 2001, Pérez-Pérez and the seven co-defendants conspired with each other to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 846.  Count five charged that from on or about February 4, 2001 to on or about March 12, 2001, Pérez-Pérez and seven co-defendants, aiding and abetting one another and in furtherance of the conspiracy alleged in count one, did carry firearm(s) during and in relation to a drug trafficking crime, to wit: conspiracy and attempt to distribute cocaine, in violation of 21 U.S.C. § 846; all in violation of 18 U.S.C. § 924(c)(1)(A)(i).  A jury trial was held on March 5, 6, 8, 11, and 12, 2002.  On the sixth day of trial, March 14, 2002, Pérez-Pérez and two other co-defendants informed the district court of plea negotiations.  Pérez-Pérez pleaded guilty as to counts one and five of the Second Superseding Indictment.

On August 26, 2002, Pérez-Pérez was sentenced to: (1) seventy-eight months of imprisonment as to count one and sixty months of imprisonment as to count five, the terms to be served consecutively with each other; and 2) a supervised release

CIVIL 05-2233 (PG)                                    4
(CRIMINAL 01-0614 (PG))

term of four years as to count one and three years as to count five, to be served concurrently with each other. The conviction was affirmed on appeal. United States v. Pérez-Pérez, No. 02-2185 (1st Cir. Aug. 31, 2004) (unpublished). On November 29, 2004 the Supreme Court of the United States entered the order denying the petition for a Writ of Certiorari. Pérez Pérez v. United States, 543 U.S. 1011 (2004).

### III.  DISCUSSION

Under section 28 U.S.C. § 2255, a federal prisoner may move for post conviction relief if:

> the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . .

28 U.S.C. § 2255; Hill v. United States, 368 U.S. 424, 426-27 (1962); David v. United States, 134 F.3d 470, 474 (1st Cir. 1998). The burden is on the petitioner to show his entitlement to relief under section 2255, David v. United States, 134 F.3d at 474, including his entitlement to an evidentiary hearing. Cody v. United States, 249 F.3d 47, 54 (1st Cir. 2001) (quoting United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993)). It has been held that an evidentiary hearing is not necessary if the 2255 motion is inadequate on its face or if, even though facially adequate, "is conclusively refuted as to alleged facts by the files and records of the case." United States v. McGill, 11 F.3d at 226 (quoting Moran v. Hogan, 494 F.2d 1220, 1222 (1st Cir. 1974)). In other words, a section 2255 motion may be denied without a hearing as

CIVIL 05-2233 (PG)                               5
(CRIMINAL 01-0614 (PG))

to those allegations which, if accepted as true, entitle the movant to no relief, or which need not be accepted as true because they state conclusions instead of facts, contradict the record, or are "inherently incredible." <u>United States v. McGill</u>, 11 F.3d at 226 (citations omitted).

### A. Ineffective Assistance of Counsel

As stated above, a prisoner in custody under federal sentence may move under section 2255 to vacate, set aside or correct a sentence imposed in violation of the Constitution of the United States. <u>Daniels v. United States</u>, 532 U.S. 374, 377 (2001). A claim of ineffective assistance of counsel is one such constitutional violation that may be raised by way of a 2255 motion. See <u>United States v. Kayne</u>, 90 F.3d 7, 14 (1st Cir. 1996). To be successful in an ineffective assistance of counsel challenge, a petitioner must allege that the deficiencies in the performance of trial counsel assumed unconstitutional dimensions. <u>Barret v. United States</u>, 965 F.2d 1184, 1193 (1st Cir. 1992). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." <u>Strickland v. Washington</u>, 466 U.S. at 686.

The Constitution's Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel; but this should not be construed as meaning that defendants are guaranteed "a letter-perfect defense or a successful defense . . . ." <u>Lema v. United States</u>, 987 F.2d 48, 51 (1st Cir. 1993) (quoting <u>United States v.</u>

CIVIL 05-2233 (PG)                           6
(CRIMINAL 01-0614 (PG))

Natanel, 938 F.2d 302, 309-10 (1st Cir. 1991)). "[N]ot every lawyerly slip constitutes ineffective assistance of counsel for Sixth Amendment purposes." Prou v. United States, 199 F.3d 37, 48 (1st Cir. 1999). The familiar two-part test for constitutionally ineffective assistance of counsel was set forth in Strickland v. Washington, 466 U.S. at 687; see also Smullen v. United States, 94 F.3d 20, 23 (1st Cir. 1996); Knight v. United States, 37 F.3d 769, 774 (1st Cir. 1994). Under the Strickland test, petitioner Pérez-Pérez has the burden of showing that "(a) . . . counsel's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceedings would have been different." López-Nieves v. United States, 917 F.2d 645, 648 (1st Cir. 1990) (citing Strickland v. Washington, 466 U.S. at 669); see Argencourt v. United States, 78 F.3d 14, 16 (1st Cir. 1996); Scarpa v. Dubois, 38 F.3d 1, 8 (1st Cir. 1994); Lema v. United States, 987 F.2d at 51. There is no doubt that Strickland also applies to representation outside of the trial setting, which would include sentence and appeal. See Hill v. Lockhart, 474 U.S. 52, 57 (1985); Bonneau v. United States, 961 F.2d 17, 20-22 (1st Cir. 1992); United States v. Tajeddini, 945 F.2d 458, 468-69 (1st Cir. 1991), abrogated on other grounds by Roe v. Flores-Ortega, 528 U.S. 470 (2000); cf. Panzardi-Álvarez v. United States, 879 F.2d 975, 982 (1st Cir. 1989); López-Torres v. United States, 876 F.2d 4, 5 (1st Cir. 1989), abrogated on other grounds by Bonneau v. United States, 961 F.2d 17 (1st Cir. 1992).

CIVIL 05-2233 (PG)                              7
(CRIMINAL 01-0614 (PG))

In order to satisfy the first-prong of the aforementioned test, petitioner "must show that 'in light of all the circumstances, the identified acts or omissions [allegedly made by his trial attorney] were outside the wide range of professionally competent assistance.'" Tejeda v. Dubois, 142 F.3d 18, 22 (1st Cir. 1998) (quoting Strickland v. Washington, 466 U.S. at 690). He must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Smullen v. United States, 94 F.3d at 23 (quoting Strickland v. Washington, 466 U.S. at 689). Finally, a court must review counsel's actions deferentially, and should make every effort "to eliminate the distorting effects of hindsight." Argencourt v. United States, 78 F.3d at 16 (quoting Strickland v. Washington, 466 U.S. at 689); see also Burger v. Kemp, 483 U.S. 776, 789 (1987).

The second prong of the test, "[t]he 'prejudice' element of an ineffective assistance [of counsel] claim[,] also presents a high hurdle. 'An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment.'" Argencourt v. United States, 78 F.3d at 16 (quoting Strickland v. Washington, 466 U.S. at 691). Thus, petitioner must affirmatively "prove that there is a reasonable probability that, but for [his] counsel's errors, the result of the proceeding would have been different." Knight v. United States, 37 F.3d at 774 (citing Strickland v. Washington, 466 U.S. at 687). Finally, the use of collateral review of sentencing issues is very

CIVIL 05-2233 (PG)                                           8
(CRIMINAL 01-0614 (PG))

limited and is not appropriate in this case. See Cirilo-Muñoz v. United States, 404 F.3d 527, 532 (1st Cir. 2005).

Petitioner here adds a variation to the theme of his appeal, focusing it on the poor performance of his attorney, as poor certainly as that of the other attorneys who conducted plea negotiations and reaped the benefits of a sentence that was definitely lower than one they could have expected had they continued within the trial process. All convictions were appealed. Veritably all convictions were affirmed. This rehash of appellate argument bears no fruit, unlike his counseled plea agreement.

Numerous motions for the discovery and suppression of evidence were made in Criminal No. 01-0614 (PG), Docket Nos. 77, 82, 111, 112, 146, and 169. Counsel was advised of the availability of government evidence. (See Docket No. 8, Exhibit Letter Documents 8-2 and 8-3.) Petitioner alleges that his counsel failed to provide effective assistance when he advised him to enter a guilty plea, argument that is contradicted. The record reflects that petitioner voluntarily entered a plea of guilty. "It is well-settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." Bousley v. United States, 523 U.S. 614, 621 (1998)(quoting Mabry v. Johnson, 467 U.S. 504, 508 (1984)); see also United States v. Broce, 488 U.S. 563, 569 (1989) ("[W]hen the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is

CIVIL 05-2233 (PG)                                    9
(CRIMINAL 01-0614 (PG))

ordinarily confined to whether the underlying plea was both counseled and voluntary. If the answer is in the affirmative then the conviction and the plea, as a general rule, foreclose the collateral attack.").

That principle controls here. Petitioner alleges actual innocence, an allegation clearly belied by the record and the appellate judgment of August 31, 2004. Petitioner makes his guilty plea seem like he was rushed to judgment by his attorney. He and the other police officers/prisons guards/drug escorts charged in this indictment entered guilty pleas after five days of trial which included a Carbone hearing.[1] The record conclusively proves him wrong.

The guilty plea serves as a stipulation that no proof by the prosecution is further needed, since it supplies both evidence and verdict, thus ending the controversy. Boykin v. Alabama, 395 U.S. 238, 242 n.4 (1969) (citation omitted). The "plea of guilty [entered by petitioner] and the ensuing conviction [constitute] all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence." United States v. Broce, 488 U.S. at 569.

Petitioner had the opportunity, instead of entering a guilty plea, to challenge the facts or elements of the weapons offense in the indictment. He chose not, hence relinquishing that entitlement. Not only he but his seven cohorts relinquished the same entitlement.

---

[1] Six defendants entered guilty pleas on March 14 and the remaining two on the following day. Sentences in count one ranged from 63 to 188 months. The most common sentence was 78 months; the average was 105.

CIVIL 05-2233 (PG)                             10
(CRIMINAL 01-0614 (PG))

The district court spelled out the indictment in its entirety at least twice, at trial and at sentence, and petitioner admitted possession of the weapon, through his attorney, at the time of sentence. During the pre-sentence investigation the defendant admitted carrying a government issue firearm during his participation in the offenses and recognized that the possession of the firearm was a separate crime and accepted responsibility for it. (Docket No. 232, Pre-sentence Investigation Report, at 8, ¶ 29.) Furthermore at sentencing, petitioner acknowledged that no corrections needed to be made to the pre-sentence report. (Docket No. 293, Sentencing Hearing, Tr. at 4.)

A valid guilty plea, serves as an admission of all elements of a formal criminal charge, and admits even those allegations which form the factual predicate for federal jurisdiction. <u>Valencia v. United States</u>, 923 F.2d 917, 921 (1st Cir. 1991). During trial petitioner in fact entered a valid guilty plea and never challenged the same. Furthermore, that counsel advised him to plead guilty was effective due to the fact if a plea agreement would not have been reach and the government had not reduced the amount of drugs charged to the defendant he would have served a much longer sentence. (Docket No. 293, Sentencing Hearing, Tr. at 7-8.) In short, there is no basis for finding a Sixth Amendment violation.

B.  18 U.S.C. § 924 Firearms

Petitioner alleges that the indictment failed to detail the type of firearm possessed and carried in the instance case. Such identification is not an essential

CIVIL 05-2233 (PG)                                          11
(CRIMINAL 01-0614 (PG))

element of the offense. He requests retroactive application of United States v. Booker, 543 U.S. 220 (2005). Allegations in an indictment that are not necessary to establish a violation of the statute at issue are mere surplusage and may be disregarded if the remaining allegations are sufficient to charge a crime. United States v. Washington, 992 F.2d 785, 787 (8th Cir. 1993). The specific type of firearm used or carried by a defendant is not an essential element of the crime and is therefore surplusage. United States v. Robinson, 904 F.2d 365, 369 (6th Cir. 1990). In this case petitioner failed to dispute facts contained in the pre-sentence investigation, which operates as an admission of those facts for Booker purposes. Therefore the defendant is not a candidate to benefit from Booker error.[2] In addition Booker does not apply when convictions are attacked collaterally. Lloyd v. United States, 407 F.3d 608, 611 (3rd Cir.), cert. denied, 126 S. Ct. 288 (2005); Guzmán v. United States, 404 F.3d 139, 140 (2nd Cir.), cert. denied, 126 S. Ct. 731 (2005).

## C. Sentencing

During the sentencing phase, the government's intervention was limited to identification of the record, and dismissal of the remaining counts of the indictment. The government did not have any further statements to be made. In addition there

---

[2] On the petition for a writ of certiorari, the Acting Solicitor General had argued that the defendant had argued that his sentence was imposed in violation of Blakely, and further suggested that the petition for a writ of certiorari be held pending the Court's decision in Booker and Fanfan. The Court denied certiorari in 2004 and Booker was announced in 2005.

CIVIL 05-2233 (PG)                                12
(CRIMINAL 01-0614 (PG))

was a fixed term of imprisonment of five years imposed by the court according to 18 U.S.C. § 924(c)(1)(A)(i). There was no enhancement imposed on the weapon's charge. In this case the court articulated the reasoning of the sentence and specified the reasons for selecting the sentence. (Docket No. 293, Sentencing Hearing, Tr. at 8-9.) "A sentencing judge must explain the reason for imposing a particular sentence." United States v. Torres, 251 F.3d 138, 145 (3rd Cir. 2001). The court did exactly that and also made clear that the sentence would have been higher but for the agreement as to drug quantity reached as a result of the verbal plea agreement.

## IV. CONCLUSION

Petitioner has failed to establish that his attorney was deficient in that the quality of his representation fell below an objective standard of reasonableness. Strickland v. Washington, 466 U.S. at 686-87; United States v. Downs-Moses, 329 F.3d 253, 265 (1st Cir. 2003). But even assuming that petitioner were to have succeeded in showing deficiencies in his legal representation, then he must have conclusively established that said deficiencies operated a real prejudice against him in the criminal proceedings. To demonstrate such prejudice, the petitioner must have shown that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. The Strickland standard was clearly not transgressed by counsel's performance, particularly if one regards how many defendants were either acquitted or received lenient sentences. Finally, collateral review of issues or claims which were already

CIVIL 05-2233 (PG)                              13
(CRIMINAL 01-0614 (PG))

presented to and addressed by the court of appeals is barred, since section 2255 motion is "neither a recapitulation of nor a substitute for a direct appeal." McCleese v. United States, 75 F.3d 1174, 1177 (7th Cir. 1996) (quoting Bedford v. United States, 975 F.2d 310, 313 (7th Cir. 1992)). Much of petitioner's argument was addressed or could have been addressed on direct appeal. Indeed, the seminal issue of the lack of evidence of carrying a firearm, and the argument of actual innocence was addressed by the court of appeals. The court noted that Pérez-Pérez carried his service weapon during the transport and was well-trained to use it if necessary to defend the shipment.

Accordingly, it is my recommendation that the section 2255 motion be dismissed in its entirety without an evidentiary hearing.

Under the provisions of Rule 72 (d), Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection there to with the Clerk of this Court within ten (10) days of the party's receipt of this report and recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. Failure to comply with this rule precludes further appellate review. See Thomas v. Arn, 474 U.S. 140, 155 (1985); Davet v. Maccorone, 973 F.2d 22, 30-31 (1st Cir. 1992); Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985 (1st Cir. 1988); Borden v. Sec'y of Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987); Scott v. Schweiker, 702 F.2d 13, 14 (1st

CIVIL 05-2233 (PG)                    14
(CRIMINAL 01-0614 (PG))

Cir. 1983); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

    At San Juan, Puerto Rico, this 12th day of January, 2007.


                              S/ JUSTO ARENAS
                    Chief United States Magistrate Judge